# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| U.S. BANK, NATIONAL ASSOCATION, <br><br> Plaintiff <br><br> v. <br><br> ANTIGUA MAINTENANCE CORPORATION, et al., <br><br> Defendants <br><br> AND ALL RELATED AND CONSOLIDATED CLAIMS | Case No.: 2:17-cv-01866-APG-NJK <br><br> **Order Granting in Part Motion to Dismiss U.S. Bank's Amended Complaint, Granting in part Motions to Dismiss Lopez's Complaint, and Denying Motion for Leave to File Surreply** <br><br> [ECF Nos. 44, 46, 50, 93] |

This is a dispute over the effect of a non-judicial foreclosure sale conducted by defendant Antigua Maintenance Corporation (Antigua) after the former owner of the property fell behind on paying homeowners association (HOA) assessments. Plaintiff U.S. Bank sued to determine whether its deed of trust still encumbers the property. U.S. Bank sues Antigua, Antigua's foreclosure agent Nevada Association Services, Inc. (NAS), and Kenneth Berberich as Trustee for East Cactus 2071 Trust (East Cactus), which is the current owner of the property. In a separate action that was consolidated with this one, the former homeowner, Rudy Lopez, sued Antigua and East Cactus to quiet title, claiming that Antigua improperly foreclosed on him while he was on active military duty. He contends that by doing so, Antigua violated the Servicemembers Civil Relief Act (SCRA).

The parties have filed numerous motions relating to U.S. Bank's and Lopez's claims. This order resolves the motions to dismiss and Lopez's motion for leave to file a surreply. East Cactus moves to dismiss U.S. Bank's claims for quiet title and unjust enrichment as barred by

the statute of limitations. Antigua joins that motion. East Cactus and Antigua each move to dismiss Lopez's complaint.

The parties are familiar with the facts and I will not repeat them here except where necessary. I grant East Cactus's motion to dismiss U.S. Bank's quiet title and declaratory relief claims because those claims are untimely, and I grant Antigua's joinder to the motion as to these claims. I deny the motion to dismiss and joinder as to U.S. Bank's unjust enrichment claim because it is not clear from the face of the complaint that the claim is untimely. I deny East Cactus's and Antigua's motions to dismiss Lopez's claims because his claims are timely, he was not required to submit them to mediation, and Antigua is a proper party to his quiet title claim.

## I. MOTION TO DISMISS U.S. BANK'S AMENDED COMPLAINT (ECF No. 44)

In considering a motion to dismiss, "all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party." *Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998). However, I do not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations. *See Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994). A plaintiff must make sufficient factual allegations to establish a plausible entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Such allegations must amount to "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." *Id.* at 555.

"A claim may be dismissed as untimely pursuant to a 12(b)(6) motion only when the running of the statute of limitations is apparent on the face of the complaint." *United States ex rel. Air Control Techs., Inc. v. Pre Con Indus., Inc.*, 720 F.3d 1174, 1178 (9th Cir. 2013) (alteration and quotation omitted). A statute of limitations begins to run "from the day the cause

of action accrued." *Clark v. Robison*, 944 P.2d 788, 789 (Nev. 1997). A cause of action generally accrues "when the wrong occurs and a party sustains injuries for which relief could be sought." *Petersen v. Bruen*, 792 P.2d 18, 20 (Nev. 1990); *see also State ex rel. Dep't of Transp. v. Pub. Emps.' Ret. Sys. of Nev.*, 83 P.3d 815, 817 (Nev. 2004) (en banc) ("A cause of action 'accrues' when a suit may be maintained thereon." (quotation omitted)). Nevada has adopted the discovery rule, and thus time limits generally "do not commence and the cause of action does not 'accrue' until the aggrieved party knew, or reasonably should have known, of the facts giving rise to the damage or injury." *G & H Assocs. v. Ernest W. Hahn, Inc.*, 934 P.2d 229, 233 (Nev. 1997).

      U.S. Bank's declaratory relief and quiet title claims seek a ruling under Nevada Revised Statutes § 40.010 that the HOA foreclosure sale did not extinguish the deed of trust. The four-year catchall limitation period in Nevada Revised Statutes § 11.220 applies to claims under § 40.010 brought by a lienholder seeking to determine whether an HOA sale extinguished its deed of trust. *Bank of Am., N.A. v. Country Garden Owners Ass'n*, No. 2:17-cv-01850-APG-CWH, 2018 WL 1336721, at *2 (D. Nev. Mar. 14, 2018). In this case, the HOA foreclosure sale took place on February 22, 2013, the trustee's deed upon sale was recorded on March 8, 2013, and U.S. Bank filed the original complaint in this matter on July 7, 2017. ECF No. 1-10. Consequently, these claims are time barred and I dismiss them with prejudice.

      U.S. Bank's unjust enrichment claim also is subject to a four-year limitation period. *In re Amerco Deriv. Litig.*, 252 P.3d 681, 703 (Nev. 2011) (en banc) (citing Nev. Rev. Stat. § 11.190(2)(c)). This claim is based on allegations that Antigua and East Cactus have benefitted from U.S. Bank paying taxes, insurance, and HOA assessments since the time of the HOA

foreclosure sale. ECF No. 32 at 15. U.S. Bank also alleges Antigua and NAS were unjustly enriched by retaining proceeds from the HOA sale beyond the superpriority amount. *Id.*

It is not clear from the face of the amended complaint that the unjust enrichment claim is untimely because it does not identify when the payments of taxes, insurance, and assessments were made. If U.S. Bank made payments within four years from the date of the complaint, then the claim is timely as to those payments. Although a closer question, it also is not clear from the face of the amended complaint when U.S. Bank knew or should have known that Antigua and NAS did not intend to distribute proceeds of the HOA foreclosure sale to U.S. Bank. While that is generally done close in time to the HOA foreclosure sale, it is not apparent from the face of the complaint that this claim is untimely. I therefore deny the motion to dismiss the unjust enrichment claim.

Antigua filed a joinder to East Cactus's motion to dismiss but did not file its own motion. East Cactus's motion to dismiss was directed only at the quiet title, declaratory relief, and unjust enrichment claims. I therefore do not address whether any of the other claims U.S. Bank asserts against Antigua are untimely.

## II. MOTIONS TO DISMISS LOPEZ'S AMENDED COMPLAINT (ECF Nos. 46, 50)

East Cactus argues Lopez's claims are untimely because his quiet title and declaratory relief claims are really ones for violation of a statutory duty, and so are subject to a three-year limitation period. Antigua joins in these arguments, although it contends Lopez's claims are properly characterized as wrongful foreclosure claims. Alternatively, Antigua moves to dismiss Lopez's complaint because he did not first mediate his claims as required under Nevada Revised

Statutes § 38.310. Finally, Antigua argues that it does not claim an interest in the property and thus is not a proper party to the quiet title claim.[1]

Lopez responds that his claims are timely because, as a prior owner, his claim is founded upon title to the property and he seeks to recover the property, so he has five years to bring his claims under Nevada Revised Statutes § 11.070 and § 11.080. He also argues the SCRA tolled the statute of limitations while he was in the military. Lopez contends he did not have to submit his quiet title and federal claims to mediation. Finally, he argues Antigua is a proper party to the quiet title claim.

**A. Timeliness**

Lopez asserts four counts in his complaint. *See* 2:18-cv-00457-APG-PAL, ECF No. 7 at 9-13. In count one, he seeks to determine adverse interests in property under § 40.010, and claims that because he was on active military duty Antigua was precluded from foreclosing on him under the SCRA. In count two, he asserts a claim for declaratory relief which is largely repetitive of count one except that he contends he is entitled to damages under the SCRA. Count three requests injunctive relief and is not an independent claim. *Id*. at 14-15; *Nationstar Mortg. LLC v. Amber Hills II Homeowners Ass'n*, No. 2:15-cv-01433-APG-CWH, 2016 WL 1298108, at *2 n.1 (D. Nev. Mar. 31, 2016). In count four, he asserts "strict liability" against Antigua and NAS, again asserting they violated the SCRA and are liable for damages.

---

[1] I decline to consider the numerous arguments Antigua raises for the first time in its reply brief. *See Vasquez v. Rackauckas*, 734 F.3d 1025, 1054 (9th Cir. 2013).

Lopez formerly owned the property and seeks to recover it. His quiet title claim therefore is governed by a five-year limitation period under § 11.070[2] and § 11.080.[3] As discussed above, the HOA foreclosure sale took place on February 22, 2013, and the trustee's deed upon sale was recorded on March 8, 2013. Lopez filed his original complaint in this matter on March 13, 2018. *See* 2:18-cv-00457-APG-PAL, ECF No. 1-1. Lopez thus filed his original complaint more than five years after the HOA sale and recorded deed.

His complaint nevertheless is timely because the SCRA tolls the limitation period while Lopez was in military service. Under 50 U.S.C. § 3936(a), the "period of a servicemember's military service may not be included in computing any period limited by law. . . for the bringing of any action or proceeding in a court . . . of . . . the United States by or against the servicemember . . . ." Lopez was in military service until March 15, 2013. 2:18-cv-00457-APG-PAL, ECF No. 7 at 7. Running the five-year limitation period from that date, his quiet title claim is timely.[4] I therefore deny East Cactus's motion to dismiss. I also deny this portion of Antigua's motion.

---

[2] "No cause of action or defense to an action, founded upon the title to real property. . . shall be effectual, unless it appears that the person prosecuting the action . . . was seized or possessed of the premises in question within 5 years before the committing of the act in respect to which said action is prosecuted . . . ."

[3] "No action for the recovery of real property. . . shall be maintained, unless it appears that the plaintiff . . . was seized or possessed of the premises in question, within 5 years before the commencement thereof."

[4] Lopez's amended complaint asserts claims against Antigua under the SCRA. Antigua did not identify in its motion to dismiss what limitation period applies to those claims other than to argue that all of Lopez's claims are really for wrongful foreclosure. Antigua attempts to raise a four-year limitation period for Lopez's SCRA claims for the first time in a reply brief on Antigua's summary judgment motion. ECF No. 92 at 4. I will not consider issues raised for the first time in a reply brief. *Vasquez*, 734 F.3d at 1054. Because I will not consider the issues Antigua raised for the first time in its reply, I deny Lopez's motion for leave to file a surreply.

Antigua mentions laches in its motion but does not present argument or cite law in support. To the extent I would consider such an undeveloped argument, I would not dismiss on this basis. Lopez filed within the limitation period, so laches presumptively does not apply. *Jarrow Formulas, Inc. v. Nutrition Now, Inc.*, 304 F.3d 829, 835 (9th Cir. 2002). Additionally, laches is an affirmative defense that Antigua bears the burden of proving. *In re Beaty*, 306 F.3d 914, 926 (9th Cir. 2002). It thus generally is not suitable for resolution at the motion to dismiss stage, so I will not dismiss on the basis of laches.

**B. Section 38.310**

Antigua argues Lopez is required to submit his claims to mediation under § 38.310. Lopez responds that this section does not apply because the validity of the HOA sale depends on whether Antigua violated the SCRA, and so his claims will not require interpretation of the HOA's covenants, conditions, and restrictions. Additionally, he argues the SCRA does not require mediation and expressly grants him a private right of action.

Section 38.310(1) provides:

> No civil action based upon a claim relating to:
> (a) The interpretation, application or enforcement of any covenants, conditions or restrictions applicable to residential property or any bylaws, rules or regulations adopted by an association; or
> (b) The procedures used for increasing, decreasing or imposing additional assessments upon residential property,
> may be commenced in any court in this State unless the action has been submitted to mediation or, if the parties agree, has been referred to a program pursuant to the provisions of NRS 38.300 to 38.360, inclusive, and, if the civil action concerns real estate within a planned community subject to the provisions of chapter 116 of NRS or real estate within a condominium hotel subject to the provisions of chapter 116B of NRS, all administrative procedures specified in any covenants, conditions or restrictions applicable to the property or in any bylaws, rules and regulations of an association have been exhausted.

7

Section 38.310(2) requires a court to "dismiss any civil action which is commenced in violation of the provisions of subsection 1." Section 38.300(3) defines a "civil action" to include "an action for money damages or equitable relief," but not "an action in equity for injunctive relief in which there is an immediate threat of irreparable harm, or an action relating to the title to residential property."

Section 38.310 does not apply to Lopez's quiet title claim because it relates to the title of residential property. *McKnight Family, L.L.P. v. Adept Management Services, Inc.*, 310 P.3d 555, 559 (Nev. 2013) (en banc); Nev. Rev. Stat. § 38.300(3). As for the SCRA claims, Antigua attempts to recharacterize them as ones for wrongful foreclosure. But Lopez is the master of his complaint and he has alleged federal claims under the SCRA, not state law claims for wrongful foreclosure. Antigua does not argue that SCRA claims must be mediated. I therefore deny this portion of Antigua's motion.

**C. Claim to Interest in Property**

I deny Antigua's motion to dismiss based on its contention that it does not claim a present interest in the property. Lopez seeks to void the HOA sale. If he prevails, ownership of the property would likely revert to him and Antigua's lien against the property may be restored. Granting Lopez's request for relief in Antigua's absence thus could impair or impede Antigua's ability to protect its interests and may lead to separate litigation to further settle the parties' rights and interests related to the property. Consequently, if Antigua is dismissed as a party, Lopez would not be able to secure the complete relief he seeks. *See Nationstar Mortg., LLC v. Sundance Homeowners Ass'n, Inc.*, No. 2:15-cv-01310-APG-GWF, 2016 WL 1259391, at *3 (D. Nev. Mar. 30, 2016); Fed. R. Civ. P. 19(a). Antigua is a proper party to Lopez's quiet title claim, so I deny its motion to dismiss on this basis.

## III.  CONCLUSION

IT IS THEREFORE ORDERED that defendant East Cactus 2071 Trust's motion to dismiss **(ECF No. 44)** and defendant Antigua Maintenance Corporation's joinder **(ECF No. 45) are GRANTED in part**.  Plaintiff U.S. Bank's claims for quiet title and declaratory relief are dismissed with prejudice as barred by the statute of limitations.

IT IS FURTHER ORDERED that defendant East Cactus 2071 Trust's motion to dismiss **(ECF No. 50)** and defendant Antigua Maintenance Corporation's motion to dismiss **(ECF No. 46) are DENIED**.

IT IS FURTHER ORDERED that plaintiff Rudy Lopez's motion for leave to file surreply **(ECF No. 93) is DENIED as moot** because I will not consider new arguments raised in Antigua Maintenance Corporation's reply brief (ECF No. 92).

DATED this 26th day of November, 2018.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE