|   |   |   |
|---|---|---|
| 1 | **UNITED STATES DISTRICT COURT** | |
| 2 | **DISTRICT OF NEVADA** | |
| 3 | U.S. BANK, NATIONAL ASSOCATION, | Case No.: 2:17-cv-01866-APG-NJK |
| 4 | Plaintiff | **Order on Motions for Summary Judgment and for Leave to Amend** |
| 5 | v. | [ECF Nos. 67, 73, 74, 75, 77] |
| 6 | ANTIGUA MAINTENANCE CORPORATION, et al., | |
| 7 | Defendants | |
| 8 | AND ALL RELATED AND CONSOLIDATED CLAIMS | |

This is a dispute over the effect of a non-judicial foreclosure sale conducted by defendant Antigua Maintenance Corporation (Antigua) after the former owner of the property fell behind on paying homeowners association (HOA) assessments. Plaintiff U.S. Bank filed suit to determine whether its deed of trust still encumbers the property. The Bank sues Antigua, Antigua's foreclosure agent, Nevada Association Services, Inc. (NAS), and Kenneth Berberich as Trustee for East Cactus 2071 Trust (East Cactus), who is the current owner of the property. In a separate action that was consolidated with this one, the former homeowner, Rudy Lopez, sued Antigua and East Cactus to quiet title, claiming that Antigua improperly foreclosed on him while he was on active military duty. He contends that by doing so, Antigua violated the Servicemembers Civil Relief Act (SCRA).

The parties are familiar with the facts and I will not repeat them here except where necessary. Lopez and Antigua have moved for summary judgment on Lopez's claims, and Lopez moves to amend his complaint. Each of Lopez's claims rests on an allegation that Antigua violated the SCRA by conducting the foreclosure sale while Lopez was on military duty.

No provision of the SCRA provides Lopez relief, so I grant Antigua's motion and deny Lopez's motion for summary judgment on Lopez's claims. I likewise deny Lopez's motion to amend because as currently pleaded, his proposed amended complaint relies on violations of the SCRA. However, I will grant leave for Lopez to amend, if there is a basis to do so that is not dependent on a violation of the SCRA.

The Bank and Antigua have moved for summary judgment on the Bank's claims. I grant in part the Bank's and Antigua's motions for summary judgment on these claims. The Bank is entitled to judgment against East Cactus on part of its unjust enrichment claim. Antigua is entitled to judgment on the Bank's claims that are based the CC&Rs. I deny the remainder of the Bank's and Antigua's motions because the parties' briefs do not adequately address numerous issues relating to the Bank's other damages claims. As discussed at the January 10, 2019 hearing in this matter, I will grant the parties leave to file new summary judgment motions that address the remaining claims, with the understanding that any briefing schedule on the new motions may be modified by the parties' agreement to pursue alternative dispute resolution before investing more time and money in further litigation over this property.

**I. ANALYSIS**

Summary judgment is appropriate if the movant shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record that demonstrate the absence

of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 531 (9th Cir. 2000). I view the evidence and reasonable inferences in the light most favorable to the non-moving party. *James River Ins. Co. v. Hebert Schenk, P.C.*, 523 F.3d 915, 920 (9th Cir. 2008).

### A. Lopez's Claims

Lopez asserts claims for quiet title, declaratory relief, and damages under the SCRA. It is undisputed that Lopez was on military duty at the time of the HOA sale. However, the parties dispute whether the SCRA protects Lopez. Lopez contends Antigua violated 50 U.S.C. § 3951, which pertains to evictions and distress. The Bank offers some alternative theories under the SCRA in its motion for summary judgment, which Lopez joins. These include that Antigua violated § 3933(a), which refers to penalties for a breach of contract that accrue while an action is stayed under the SCRA, and § 3958, which applies to liens for the storage, repair, or cleaning of the servicemember's property or effects. East Cactus and Antigua, on the other hand, argue that either no section of the SCRA applies to HOA liens, or if one does it applies only to debts that arose before the servicemember entered active duty and so would not assist Lopez.

No section of the SCRA provides relief for Lopez. Sections 3952, 3953, and 3991 relate (as relevant here) only to obligations incurred before the servicemember entered military service, and it is undisputed that Lopez bought the property after he entered the service. Section 3933(a) is inapplicable because there is no evidence the HOA assessments were stayed. 50 U.S.C. § 3933(a) (stating that "[w]hen an action for compliance with the terms of a contract is stayed pursuant to this chapter, a penalty shall not accrue for failure to comply with the terms of the

3

contract during the period of the stay"). And Lopez conceded at the hearing that § 3958 for storage liens does not apply.

Instead, Lopez relies on § 3951, which provides that absent a court order, "a landlord (or another person with paramount title)" may not "evict" a servicemember or subject the premises to a "distress" during the period of military service. Lopez likens HOAs to landlords and likens an HOA non-judicial foreclosure sale to an eviction and distress.

A foreclosure sale of a lien on real property is not an eviction or distress. *See Arkless v. Kilstein*, 61 F. Supp. 886, 888 (E.D. Pa. 1944) (stating "the term eviction referred to in the Act, refers to, in its commonly accepted legal interpretation, . . . a dispossession of a tenant by a landlord . . . ."); *Lesher v. Louisville Gas & Elec. Co.*, 49 F. Supp. 88, 90 (W.D. Ky. 1943) ("The fundamental element of 'distress' is the taking of another's personal property out of his possession either for holding or for sale in order to obtain satisfaction of a past due rent claim."). To conclude the HOA violated this provision, I would have to read into the SCRA language Congress chose not to include. The Supreme Court has cautioned federal courts against revising federal statutes. *See Henry Schein, Inc. v. Archer & White Sales, Inc.*, No. 17-1272, --- U.S. ----, 2019 WL 122164, at *4 (U.S. Jan. 8, 2019) (stating it was not a federal court's "proper role to redesign" a federal statute). Congress could have included lienholders with landlords in this section, but it did not. By its plain language, this section does not apply to foreclosure of an HOA lien and I will not read into the statute protections Congress did not provide.

I therefore grant Antigua's motion for summary judgment on Lopez's claims and deny Lopez's motion. I also deny Lopez's motion to amend his complaint. As currently pleaded, Lopez's claims rely on a violation of the SCRA. However, I will grant Lopez leave to amend if he can allege claims that do not depend on a violation of the SCRA.

**B. The Bank's Damages Claims**

The Bank moves for summary judgment on its damages claims. Antigua opposes and moves for judgment. East Cactus opposes the Bank's motion but did not move for judgment.

### 1. Unjust Enrichment

The Bank contends that it and its predecessor have paid $2,907.75 in taxes and insurance related to the property since the HOA sale. The Bank contends that if its deed of trust was extinguished by the HOA sale, then East Cactus has been unjustly enriched by that amount. The Bank also argues Antigua was unjustly enriched because the superpriority amount was $1,035.00 but the property sold for $11,453.71, and none of the excess was distributed to the Bank even though its deed of trust was junior to only the superpriority lien.

The Bank paid $2,907.75 in taxes and insurance following the sale. ECF Nos. 73-21 at 2, 5; 81-1. It would be unjust for East Cactus, who as owner should have been paying those amounts, to retain the benefit. East Cactus has not offered any evidence or argument why it should not have to pay those amounts to the Bank. I therefore grant this portion of the Bank's motion.

As for the distribution of proceeds following the sale, Nevada Revised Statutes § 116.31164(c), as it existed at the time of the HOA sale, provided that proceeds of the sale were to be distributed in the "following order":

> (1) The reasonable expenses of sale;
> (2) The reasonable expenses of securing possession before sale, holding, maintaining, and preparing the unit for sale, including payment of taxes and other governmental charges, premiums on hazard and liability insurance, and, to the extent provided for by the declaration, reasonable attorney's fees and other legal expenses incurred by the association;
> (3) Satisfaction of the association's lien;
> (4) Satisfaction in the order of priority of any subordinate claim of record; and
> (5) Remittance of any excess to the unit's owner.

5

The parties have not adequately addressed numerous issues regarding this statute, including what constitutes reasonable expenses of the sale or whether the CC&Rs allow Antigua to collect reasonable attorney's fees and expenses; whether the Bank conferred a benefit on Antigua because Antigua kept money due to the Bank; and the significance of Antigua's credit bid and any law supporting Antigua's position that it received no benefit on this basis. I therefore deny both the Bank's and Antigua's motions, without prejudice to filing new summary judgment motions.

### 2. Claims Based on the CC&Rs

The Bank argues it is a third party beneficiary to the CC&Rs and that Antigua breached the CC&Rs by purporting to conduct a sale that would extinguish the Bank's deed of trust in contravention of the so-called mortgage protection clause in the CC&Rs. The Bank asserts three claims based on the CC&Rs: breach of contract, breach of the covenant of good faith and fair dealing, and misrepresentation.

These claims fail as a matter of law because an HOA cannot waive its superpriority lien. *See RLP-Vervain Court, LLC v. Wells Fargo*, No. 65255, 2014 WL 6889625, at *1 (Nev. Dec. 5, 2014) ("[A]n association may not waive its right to a priority position for the association's superpriority lien."); *SFR Investments Pool 1*, 334 P.3d at 418-19. Antigua's CC&Rs have a severability clause that states that its provisions are independent and severable, and invalidity of one provision or a portion thereof does not affect the validity of the rest. ECF 73-16 at 90. The mortgage protection clause is severable and rendered unenforceable by operation of law, so there was no breach of the CC&Rs.

Nor could the Bank have had a justifiable expectation that its deed of trust would survive a superpriority sale, given the existence of Chapter 116 and its non-waiver provision. *See Perry*

*v. Jordan*, 900 P.2d 335, 338 (Nev. 1995) (stating the covenant is breached "[w]hen one party performs a contract in a manner that is unfaithful to the purpose of the contract and the justified expectations of the other party are thus denied"). The Bank presents no evidence that it had such an expectation. Moreover, the Bank cannot show Antigua breached the covenant. Antigua had no duty to obtain the highest price. *See Nationstar Mortg., LLC v. Saticoy Bay LLC Series 2227 Shadow Canyon*, 405 P.3d 641, 645-46 (Nev. 2017). At the time of this sale, there was no duty to identify the superpriority amount in the notices. *See SFR Investments Pool 1 v. U.S. Bank*, 334 P.3d 408, 418 (Nev. 2014) (en banc). And the Bank presents no evidence it tried to determine or tender the superpriority amount, so NAS's alleged policy of rejecting tender is irrelevant and did not cause damages.

Finally, the Bank has presented no evidence that it relied on the mortgage protection clause, that any such reliance was reasonable, or that it was damaged as a result of that reliance as opposed to its own failure to protect itself. *See Blanchard v. Blanchard*, 839 P.2d 1320, 1322 (Nev. 1992) (listing elements of a misrepresentation claim). I therefore grant Antigua's motion for summary judgment on the Bank's claims asserting breach of contract, breach of the covenant of good faith and fair dealing, and misrepresentation.

### 3. Negligence and Wrongful Foreclosure

The parties have not adequately addressed issues related to the Bank's negligence and wrongful foreclosure claims. For example, Antigua argues these claims are time barred but it made no argument and cites no law about what limitation period applies to these claims or when the claims accrued. The Bank states in the conclusion to its motion that it is entitled to judgment on its negligence claims, yet it makes no argument about them in its motion. The parties dispute whether Antigua owed the Bank a duty but offer little analysis. And the parties have not fully

7

addressed the issues of whether (and if so, how) the superpriority amount was tendered, whether the superpriority lien was paid off as a factual or legal matter, and if so what damages the Bank might be able to recover. I therefore deny the Bank's and Antigua's motions as to these claims, without prejudice to file new summary judgment motions.

### C. New Summary Judgment Motions

Significant issues preclude entry of judgment. Indeed, no one moved for judgment on East Cactus's counterclaim, so that claim is pending for trial. *See* ECF No. 24. At the hearing, the parties expressed the desire to both brief these issues more fully and to avoid having to expend more funds on this case given the relatively low value of the property at issue. To accommodate these competing desires, and because I do not want to waste the parties' or the court's resources with a trial if one is not necessary, I will grant the parties leave to file another round of summary judgment briefs addressing the remaining claims, including the issues identified in this order and at the hearing. The new dispositive motion deadline is February 12, 2019. The parties may stipulate to extend the deadline to file motions if they agree to pursue a settlement conference or other method of alternative dispute resolution.

## II. CONCLUSION

IT IS THEREFORE ORDERED that defendant Antigua Maintenance Corporation's motion for summary judgment as to Lopez **(ECF No. 75) is GRANTED**.

IT IS FURTHER ORDERED that plaintiff Rudy Lopez's motion for summary judgment **(ECF No. 77) is DENIED**.

IT IS FURTHER ORDERED that plaintiff Rudy Lopez's motion to amend **(ECF No. 67) is GRANTED in part**.

IT IS FURTHER ORDERED that on or before February 12, 2019, plaintiff Rudy Lopez may file a motion to amend his complaint to assert claims that do not depend on a violation of the SCRA, if facts exist to do so. The motion to amend must include a proposed amended complaint and must explain the factual and legal bases for the claims and why they are not futile.

IT IS FURTHER ORDERED that plaintiff U.S. Bank's motion for summary judgment **(ECF No. 73) is GRANTED in part**. The motion is granted as to U.S. Bank's unjust enrichment claim against defendant East Cactus in the amount of $2,907.75. The motion is denied in all other respects.

IT IS FURTHER ORDERED that defendant Antigua Maintenance Corporation's motion for summary judgment **(ECF No. 74) is GRANTED in part**. The motion is granted as to U.S. Bank's breach of contract, breach of the covenant of good faith and fair dealing, and misrepresentation claims. The motion is denied in all other respects.

IT IS FURTHER ORDERED that the new dispositive motion deadline is February 12, 2019.

DATED this 14th day of January, 2019.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE