|   |   |
|---|---|
| UNITED STATES DISTRICT COURT | |
| DISTRICT OF NEVADA | |
| U.S. BANK, NATIONAL ASSOCIATION, Plaintiff v. ANTIGUA MAINTENANCE CORPORATION, et al., Defendants | Case No.: 2:17-cv-01866-APG-NJK **Order (1) Granting Antigua's Motion for Summary Judgment, (2) Denying U.S. Bank's Motion for Summary Judgment, (3) Granting in Part East Cactus's Motion for Summary Judgment, and (4) Granting Lopez's Motion to Amend** [ECF Nos. 111, 112, 123, 124] |

This is a dispute over the effect of a non-judicial foreclosure sale conducted by defendant Antigua Maintenance Corporation (Antigua) after the former owner of the subject property fell behind on paying homeowners association (HOA) assessments. Plaintiff U.S. Bank sued to determine whether its deed of trust still encumbers the property. U.S. Bank sued Antigua, Antigua's foreclosure agent, and Kenneth Berberich as Trustee for East Cactus 2071 Trust (East Cactus), which is the current owner of the property. East Cactus counterclaimed against U.S. Bank to quiet title in its favor. ECF No. 24.

In a separate action that was consolidated with this one, the former homeowner, Rudy Lopez, sued Antigua and East Cactus to quiet title, claiming that Antigua improperly foreclosed on him while he was on active military duty. He contended that by doing so, Antigua violated the Servicemembers Civil Relief Act (SCRA).

I previously issued orders that resolved the following claims and issues (even though the parties at times pretend as if I have not done so):

1. U.S. Bank's claims for declaratory relief and quiet title are time-barred and thus are dismissed with prejudice. ECF No. 107 at 3.

2. Lopez's quiet title claim in the original complaint is timely. *Id.* at 6.

3. Lopez cannot state a claim for a violation of the SCRA because no provision of that Act provides relief for him under the facts in this case. ECF No. 110 at 3-4.

4. U.S. Bank prevailed on summary judgment against East Cactus on the portion of U.S. Bank's unjust enrichment claim relating to the payment of taxes and insurance. *Id.* at 5.

5. Antigua prevailed on summary judgment on U.S. Bank's claims for breach of contract, breach of the covenant of good faith and fair dealing, and misrepresentation. *Id.* at 6-7.

6. U.S. Bank presented no evidence that it had an expectation that its deed of trust would survive the HOA sale based on the CC&Rs. *Id.* at 7.

7. Antigua had no duty to obtain the highest price at the sale or to identify the superpriority amount in the foreclosure notices. *Id.*

8. Futility of tender is irrelevant and did not cause U.S. Bank damages because there is no evidence U.S. Bank attempted tender. *Id.*

I have not ruled on U.S. Bank's claims for negligence or wrongful foreclosure, or on the remainder of U.S. Bank's unjust enrichment claim, because the parties did not adequately address the issues surrounding those claims in the last round of summary judgment. *Id.* at 5-6. I also have not ruled on East Cactus's counterclaim because no party moved for summary judgment on that claim. *Id.* at 8. Finally, the status of Lopez's claims remains unresolved because I allowed Lopez to move to amend his complaint. *Id.* at 9.

Antigua, U.S. Bank, and East Cactus move for summary judgment. Lopez moves to amend his complaint. I set forth the facts only as necessary to resolve the pending motions. I grant Antigua's motion as to U.S. Bank's negligence and wrongful foreclosure claims against it. But because Antigua did not move for judgment on U.S. Bank's unjust enrichment claim, that

claim remains pending against Antigua. I deny U.S. Bank's motion. I grant East Cactus's motion on its quiet title counterclaim against U.S. Bank (but not against Lopez), and deny the motion as to U.S. Bank's unjust enrichment claim against East Cactus because I have already granted judgment in U.S. Bank's favor on that claim. Finally, I grant Lopez's motion to amend.

**I. ANALYSIS**

Summary judgment is appropriate if the movant shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 531 (9th Cir. 2000); *Sonner v. Schwabe N. Am., Inc.*, 911 F.3d 989, 992 (9th Cir. 2018) ("To defeat summary judgment, the nonmoving party must produce evidence of a genuine dispute of material fact that could satisfy its burden at trial."). I view the evidence and reasonable inferences in the light most favorable to the non-moving party. *James River Ins. Co. v. Hebert Schenk, P.C.*, 523 F.3d 915, 920 (9th Cir. 2008).

**A. Antigua's Motion for Summary Judgment (ECF No. 111)**

Antigua moves for summary judgment on U.S. Bank's negligence, negligence per se, and wrongful foreclosure claims, arguing that the claims are time-barred and fail on the merits. U.S.

3

Bank responds that the limitations period has not run because it did not discover that Lopez paid the superpriority amount until it conducted discovery in this case.

Under Nevada law, negligence claims generally are subject to a two-year statute of limitations. Nev. Rev. Stat. § 11.190(4)(e). There may be circumstances where a claim is styled as one for negligence but is actually an "action upon a liability created by statute," in which case the three-year period under § 11.190(3)(a) may apply. *See Prof-2013-S3 Legal Title Tr., v. SFR Invs. Pool 1, LLC*, No. 2:17-cv-02079-JAD-PAL, 2018 WL 2465177, at *6 (D. Nev. May 31, 2018). A wrongful foreclosure claim based on statutory violations is also governed by a three-year limitation period. *Bank of New York for Certificateholders of CWALT, Inc., Alternative Loan Tr. 2006-OA16, Mortg. Pass-Through Certificates, Series 2006-OA16 v. Foothills at MacDonald Ranch Master Ass'n*, 329 F. Supp. 3d 1221, 1234 (D. Nev. 2018). A tortious wrongful foreclosure claim is governed by a four-year limitation period. *Id.*

A limitation period begins to run "from the day the cause of action accrued." *Clark v. Robison*, 944 P.2d 788, 789 (Nev. 1997). A cause of action generally accrues "when the wrong occurs and a party sustains injuries for which relief could be sought." *Petersen v. Bruen*, 792 P.2d 18, 20 (Nev. 1990); *see also State ex rel. Dep't of Transp. v. Pub. Emps.' Ret. Sys. of Nev.*, 83 P.3d 815, 817 (Nev. 2004) (en banc) ("A cause of action 'accrues' when a suit may be maintained thereon." (quotation omitted)). Nevada has adopted the discovery rule, and thus time limits generally "do not commence and the cause of action does not 'accrue' until the aggrieved party knew, or reasonably should have known, of the facts giving rise to the damage or injury." *G & H Assocs. v. Ernest W. Hahn, Inc.*, 934 P.2d 229, 233 (Nev. 1997).

Almost all of U.S. Bank's allegations supporting its negligence, negligence per se, and wrongful foreclosure claims are untimely even considering the discovery rule. The foreclosure

4

sale took place on February 22, 2013. ECF No. 32-1 at 49. As of that date, U.S. Bank knew the foreclosure notices included collection costs and did not identify a superpriority amount. ECF No. 32-1 at 35-47. Nevada Real Estate Division opinion 13-01, on which U.S. Bank relies to argue this was improper, was issued on December 12, 2012. Consequently, U.S. Bank knew everything it needed to know to bring its claims based on the foreclosure notices no later than the date of the sale, or at least when the deed upon sale was recorded on March 8, 2013. *Id.* at 49. Similarly, U.S. Bank knew before the sale took place what was in the CC&Rs, and it knew as of the date the trustee's deed was recorded what price was fetched at the sale. It did not file this lawsuit until more than four years later, on July 7, 2017. ECF No. 1. Its negligence, negligence per se, and wrongful foreclosure claims therefore are untimely to the extent they rest on these allegations.

U.S. Bank does not identify when it learned that Antigua's foreclosure agent would not have accepted tender. But even if that portion of U.S. Bank's claims is timely, there is no merit to it. U.S. Bank does not allege or present evidence that it or its predecessor attempted to tender. Consequently, the foreclosure agent's alleged policy to reject a lienholder's tender could not have caused damage to U.S. Bank. *See Sanchez ex rel. Sanchez v. Wal-Mart Stores, Inc.*, 221 P.3d 1276, 1280 (Nev. 2009) (stating that "to prevail on a negligence claim, a plaintiff must establish four elements: (1) the existence of a duty of care, (2) breach of that duty, (3) legal causation, and (4) damages"). Nor does U.S. Bank explain how the foreclosure could have been wrongful on this basis.

That leaves Lopez's alleged payment of the superpriority amount, which is the only reason that U.S. Bank identifies for tolling the limitation period. U.S. Bank states it first learned in discovery in this case that Lopez made payments toward the balance he owed the HOA.

5

Antigua does not dispute this representation. This portion of U.S. Bank's claims therefore is timely.

However, as discussed in more detail below with respect to U.S. Bank's and East Cactus's motions for summary judgment, U.S. Bank has failed to present evidence raising a genuine dispute that Antigua allocated or was required to allocate the payments Lopez made to the superpriority lien. U.S. Bank will not be able to show the superpriority lien was paid off, so Antigua had no duty to announce that it was. I therefore grant Antigua's motion for summary judgment on U.S. Bank's negligence, negligence per se, and wrongful foreclosure claims.

Antigua did not move for summary judgment on U.S. Bank's unjust enrichment claim. It therefore did not meet its initial burden under Rule 56, so I do not address U.S. Bank's arguments in the opposition or Antigua's arguments raised for the first time in reply regarding this claim. *See Vasquez v. Rackauckas*, 734 F.3d 1025, 1054 (9th Cir. 2013).

**B. U.S. Bank's Motion for Summary Judgment (ECF No. 123)**

U.S. Bank moves for summary judgment on East Cactus's quiet title counterclaim. U.S. Bank argues the superpriority lien was discharged prior to the HOA foreclosure sale because Lopez made payments to the HOA that exceeded the superpriority amount. U.S. Bank asserts that regardless of who made the payment, any payment should be applied first to the superpriority amount.[1] Alternatively, U.S. Bank argues the sale should be set aside on equitable grounds. Antigua and East Cactus respond there is no evidence Antigua applied Lopez's payments to the superpriority amount. East Cactus also contends a homeowners' payments

---

[1] U.S. Bank also argues the HOA sale is void because it violated the SCRA. I previously ruled that no section of the SCRA provides Lopez relief. ECF No. 110 at 3-4.

cannot satisfy the superpriority lien. Both East Cactus and Antigua also argue there is no basis to equitably set aside the sale.

### 1. Tender

The monthly HOA assessment amount was $115. ECF Nos. 123-4 at 18; 123-8 at 4. There is no evidence of maintenance and nuisance abatement charges. Consequently, the maximum amount of the superpriority lien is $1,035.

U.S. Bank presents evidence that Lopez paid over $4,000 toward what he owed the HOA.[2] But U.S. Bank offers no evidence that Antigua allocated those payments to the superpriority amount as opposed to other amounts Lopez owed. U.S. Bank also identifies nothing that required Antigua to do so, such as the CC&Rs, bylaws, rules, or even a policy or practice of applying payments to the oldest assessment.

U.S. Bank relies on the deed of trust, which requires Lopez to pay off any lien that may gain priority over the deed of trust. ECF No. 123-2 at 6. But Antigua is not a party to the deed of trust, so that agreement cannot require Antigua to apply payments in any particular manner. There is no evidence that when Lopez made payments, he requested the funds be directed at the superpriority portion of the amount he owed. U.S. Bank therefore has failed to establish it is entitled to judgment in its favor on the tender issue.[3] *See SFR Investments Pool 1, LLC v. Wells Fargo Bank, N.A.*, No. 70471, 432 P.3d 172, 2018 WL 6609670, at *1 (Nev. 2018) ("Assuming a homeowner can satisfy the default as to the superpriority portion of an HOA's lien, the record does not establish that the HOA in this case allocated or had an obligation to allocate the former

---

[2] ECF Nos. 123-4 at 114-15, 125, 133, 144, 150, 157, 162, 166, 175, 181, 186; 123-5 at 4.

[3] U.S. Bank argues for the first time in its reply that Lopez was U.S. Bank's agent in paying the superpriority lien. I decline to consider arguments raised for the first time in reply. *Vasquez*, 734 F.3d at 1054.

7

homeowner's payment in that manner." (internal footnote omitted)). Consequently, I deny this portion of U.S. Bank's motion.

### 2. Equitably Set Aside the Sale

U.S. Bank argues the sale should be equitably set aside because (1) the HOA did not seek to obtain the best price or protect other lienholders; (2) the CC&RS had a mortgage protection clause; (3) the foreclosure notices did not identify the superpriority lien and the crier at the sale did not announce it was a superpriority sale; (4) Lopez paid off the superpriority amount but the crier did not announce this at the sale; and (5) Antigua's foreclosure agent had a policy of refusing to disclose the superpriority amount to lenders and refusing to accept lenders' tender attempts.

East Cactus responds that I have already rejected most of these arguments in prior orders. East Cactus repeats its argument that Lopez did not pay off the superpriority amount. And it argues it is a bona fide purchaser.

In determining whether to equitably set aside an HOA foreclosure sale, the question is "whether the sale was affected by some element of fraud, unfairness, or oppression." *Nationstar Mortg., LLC v. Saticoy Bay LLC Series 2227 Shadow Canyon*, 405 P.3d 641, 646 (Nev. 2017). U.S. Bank therefore will have "the burden to show that the sale should be set aside in light of [East Cactus's] status as the record title holder . . . and the statutory presumptions that the HOA's foreclosure sale complied with NRS Chapter 116's provisions." *Id.* (internal citations omitted). "[M]ere inadequacy of price is not in itself sufficient to set aside the foreclosure sale, but it should be considered together with any alleged irregularities in the sales process to determine whether the sale was affected by fraud, unfairness, or oppression." *Id.* at 648. "A grossly inadequate price may require only slight evidence of fraud, unfairness, or oppression to set aside

8

a foreclosure sale." *SFR Investments Pool 1, LLC v. First Horizon Home Loans, a Div. of First Tennessee Bank, N.A.*, 409 P.3d 891, 895 (Nev. 2018) (en banc). However, the fraud, unfairness, or oppression must have "affected the sales price." *Res. Grp., LLC as Tr. of E. Sunset Rd. Tr. v. Nevada Ass'n Servs., Inc.*, 437 P.3d 154, 161 (Nev. 2019) (en banc). The "party challenging the foreclosure sale bears the burden of showing why the sale should be set aside." *Saticoy Bay LLC Series 2227 Shadow Canyon*, 405 P.3d at 646 n.8.

U.S. Bank has not shown it is entitled to judgment as a matter of law on East Cactus's counterclaim. As I stated in a prior order, the HOA had no duty to try to obtain the best price. ECF No. 110 at 7. Because the HOA must follow Chapter 116's requirements when conducting a foreclosure sale, U.S. Bank has not established Antigua had to take "extra-statutory efforts to increase the winning bid" or otherwise protect junior lienholders. *Id.* at 645. Antigua held a public auction at which no one else made a higher bid on the property, including U.S. Bank or its predecessor. U.S. Bank does not identify what else Antigua should have done nor does it point to evidence showing that Antigua's actions or omissions brought about the allegedly low price.

Likewise, U.S. Bank has presented no evidence that the CC&RS' mortgage protection clause, failure to identify the superpriority amount in the notices, or failure to announce a superpriority sale brought about the allegedly low price. And because U.S. Bank presents no evidence it or its predecessor attempted tender, the foreclosure agent's policies regarding tender are irrelevant and could not account for the allegedly low price.

Finally, as discussed above, U.S. Bank cannot show that Lopez paid off the superpriority amount. It therefore cannot rely on tender to argue that the sale was unfair or that East Cactus's status as a bona fide purchaser is irrelevant. In its motion, U.S. Bank did not attempt to show East Cactus was not a bona fide purchaser nor did it engage in weighing the equities. *See Shadow*

9

*Wood HOA v. N.Y. Cmty. Bancorp.*, 366 P.3d 1105, 1114-15 (Nev. 2016) (en banc). I therefore deny U.S. Bank's motion for judgment on East Cactus's counterclaim.

### 3. Damages Claims

In the conclusion of U.S. Bank's opening brief, it states that if I rule against U.S. Bank on East Cactus's counterclaim, then U.S. Bank "will have suffered damages from the extinguishment of the Deed of Trust and summary judgment should be entered against the HOA and the HOA Trustee and in favor of U.S. Bank on its remaining claims against them." ECF No. 123 at 21-22. That is insufficient to meet U.S. Bank's initial burden on summary judgment on any of its damages claims. It contains no analysis, no law, and no citation to evidence. To the extent this one sentence was meant to request summary judgment against the HOA on U.S. Bank's damages claims, I deny it. Moreover, I do not consider U.S. Bank's arguments raised for the first time in its reply brief. *Vasquez*, 734 F.3d at 1054.

## C. East Cactus's Motion for Summary Judgment (ECF No. 124)

### 1. Quiet Title Counterclaim

East Cactus moves for summary judgment on its quiet title counterclaim against U.S. Bank. East Cactus argues the sale was presumptively valid, U.S. Bank has not raised a valid basis to set aside the sale, East Cactus is a bona fide purchaser, and U.S. Bank sat on its rights for over four years. East Cactus also argues U.S. Bank can no longer rely on *Bourne Valley Court Tr. v. Wells Fargo Bank, NA*, 832 F.3d 1154 (9th Cir. 2016) to argue Chapter 116 violated U.S. Bank's due process rights.

U.S. Bank responds that Lopez's payments satisfied the superpriority amount, so the sale was for a subpriority lien only, and because the superpriority lien was discharged, East Cactus's status as a bona fide purchaser is irrelevant. Alternatively, U.S. Bank argues East Cactus is not a

bona fide purchaser because it had record notice of the deed of trust and the mortgage protection clause in the CC&Rs. U.S. Bank also contends East Cactus was on inquiry notice about the deed of trust's continuing validity because it was obtaining the property for a low price and took title without warranty. Finally, U.S. Bank argues that East Cactus knew U.S. Bank likely would assert its deed of trust survived the sale given the legal uncertainty surrounding HOA foreclosure sales. U.S. Bank contends *Bourne Valley* remains binding authority in federal court. As for equitably setting aside the sale, U.S. Bank argues the price was low and cites the same unfairness concerns from its own summary judgment motion, along with a new argument that the sale violated Chapter 116 because the HOA included collection costs in the foreclosure notices.

East Cactus has met its initial burden of establishing it is entitled to quiet title in its favor vis-à-vis U.S. Bank. East Cactus is the record titleholder and there is a presumption that the HOA sale was properly conducted. A properly conducted HOA foreclosure sale extinguishes all junior liens, including a first deed of trust. *SFR Investments Pool 1, LLC v. U.S Bank, N.A.*, 334 P.3d 408, 419 (Nev. 2014) (en banc). East Cactus has presented evidence it is a bona fide purchaser who had no notice of any defects in the sale. ECF No. 125. Finally, *Bourne Valley* is no longer good law and Chapter 116 as it existed as of the time of this sale did not violate U.S. Bank's due process rights. *See Bank of Am., N.A. v. Arlington W. Twilight Homeowners Ass'n*, 920 F.3d 620, 623-24 (9th Cir. 2019) (citing *SFR Invs. Pool 1, LLC v. Bank of N.Y. Mellon*, 422 P.3d 1248 (Nev. 2018) (en banc)); *Nationstar Mortg. LLC v. Amber Hills II Homeowners Ass'n*, No. 2:15-cv-01433-APG-CWH, 2016 WL 1298108, at *6-9 (D. Nev. Mar. 31, 2016).

The burden thus shifts to U.S. Bank to raise a genuine dispute about the HOA sale's validity. U.S. Bank must show that the allegedly low price at the HOA sale was caused by some element of fraud, unfairness, or oppression. As discussed above, U.S. Bank has not done so for

any of the grounds it raised in its own motion. Even viewing the facts in the light most favorable to U.S. Bank on East Cactus's motion, U.S. Bank has no evidence at all for most of its arguments, and where it does have evidence (such as Lopez's payments), that evidence is insufficient for a finding in its favor at trial.

U.S. Bank raises one new argument in its opposition. It contends Antigua violated Chapter 116 by including collection costs in the foreclosure notices even though collection costs are not part of the HOA's lien. The Supreme Court of Nevada has rejected similar arguments that this amounts to fraud, unfairness, or oppression sufficient to set aside a sale. As that court explained, "the notices do not necessarily state that collection costs were part of the HOA's lien, but only that they were owed." *U.S. Bank Nat'l Ass'n v. RJRN Holdings, LLC*, No. 72212, 414 P.3d 807, 2018 WL 1447724, at *1 (Nev. 2018). Additionally, U.S. Bank has not introduced evidence that it, its predecessor, or anyone else was "somehow misled or prejudiced by the notices' inclusion of collection costs in the overall amount due such that there might be fraud, unfairness, or oppression." *Id.* Accordingly, U.S. Bank has not raised a genuine dispute that there is a basis to set aside this sale.

U.S. Bank argues that all of these alleged irregularities should be considered cumulatively. As there are no irregularities, this argument fails. But even if I concluded there were irregularities, I still must weigh U.S. Bank's inaction and East Cactus's status as a bona fide purchaser when determining whether to set aside the sale. *Shadow Wood HOA*, 366 P.3d at 1114-15. U.S. Bank took no action prior to the sale to preserve the deed of trust and waited more than four years after the sale to bring this lawsuit. East Cactus, meanwhile, is a bona fide purchaser of the property. The mere fact that East Cactus knew there was uncertainty

surrounding HOA sales and that U.S. Bank likely would sue on some unknown ground to set aside the sale does not divest East Cactus of bona fide purchaser status. *Id.* at 1115-16.

Considering the "entirety of the circumstances that bear upon the equities," no genuine dispute remains that U.S. Bank has no basis to set aside the sale. *Id.* at 1114; *see also id.* at 1116 ("Where the complaining party has access to all the facts surrounding the questioned transaction and merely makes a mistake as to the legal consequences of his act, equity should normally not interfere, especially where the rights of third parties might be prejudiced thereby[.]"). East Cactus is entitled to summary judgment on its quiet title counterclaim against U.S. Bank.

East Cactus also purports to seek summary judgment against Lopez. East Cactus currently has no pending claim against Lopez and Lopez has no pending claim against East Cactus. I therefore deny East Cactus's motion to the extent it seeks judgment against Lopez.

2. Unjust Enrichment

East Cactus moves for summary judgment on U.S. Bank's unjust enrichment claim. I previously granted summary judgment in U.S. Bank's favor on this claim against East Cactus. ECF No. 110 at 5. I therefore deny this portion of East Cactus's motion.

**D. Lopez's Motion to Amend (ECF No. 112)**

Lopez moves for leave to amend to assert claims to quiet title and for damages. Lopez argues I should extend the scheduling order's deadline to amend the pleadings because he received Antigua's initial disclosures on April 4, 2018, and that was when he first discovered that Antigua filled out false declarations attesting that Lopez was not in the military at the time of the HOA foreclosure sale. Lopez argues he should be granted leave to amend his complaint because the factors favor amendment and his claims are not futile. Lopez contends his claims

are not barred by the applicable statutes of limitations because he did not discover the basis of his claims until Antigua produced the false declarations in April 2018.

East Cactus responds that amendment would be futile because Lopez's claims are time-barred. East Cactus asserts the claims accrued as of the date of the February 22, 2013 HOA sale. Antigua joins in East Cactus's response.

I previously granted Lopez leave to move to amend his complaint if facts and viable legal theories existed to do so, and neither East Cactus nor Antigua argues there is not good cause to extend the scheduling order's deadline to amend pleadings. I thus examine whether amendment is proper under Federal Rule of Civil Procedure 15(a). *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992). Under Rule 15(a)(2), I "should freely give leave when justice so requires." *See also Foman v. Davis*, 371 U.S. 178. 182 (1962) ("Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded."). I consider five factors to assess whether to grant leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether the party has previously amended the complaint. *Sonoma Cty. Ass'n of Retired Emps. v. Sonoma Cty.*, 708 F.3d 1109, 1117 (9th Cir. 2013). Whether to grant leave to amend under Rule 15 lies within my discretion. *Zivkovic v. So. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002). There is no evidence of bad faith or undue delay, and East Cactus and Antigua have identified no prejudice. Lopez previously moved to amend but his current proposed amendment is in response to my order ruling that he cannot assert a viable claim under the SCRA and allowing him the opportunity to amend if he can assert claims that do not depend on a violation of the SCRA.

East Cactus and Antigua contend Lopez's claims are futile because they are untimely. They argue that Lopez's quiet title claim is untimely under a three-year limitation period, even

though I already ruled that the claim is governed by a five-year limitation period and that the quiet title claim in the original complaint was timely. ECF No. 107 at 6. Even without considering the discovery rule, Lopez's quiet title claim relates back to the timely-filed original complaint and so is not time-barred. *Id.*; Fed. R. Civ. P. 15(c)(1)(B) (stating that an amendment "relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading.").

Lopez's quiet title claim is also timely under the discovery rule, as are Lopez's damages claims. East Cactus and Antigua do not address the discovery rule even though Lopez argues in his motion to amend that his claims are timely under that rule. They do not dispute Lopez first discovered the allegedly false declarations in April 2018, when Antigua produced them in its initial disclosures in this case. He moved to amend to assert claims based on the declarations less than a year later. ECF No. 112. Consequently, his claims are not time-barred. East Cactus and Antigua do not argue Lopez's proposed claims are futile on any other grounds. I therefore grant Lopez's motion to amend.

In his motion to amend, Lopez requests an extension of discovery. He must file a separate motion to request an extension of the discovery deadlines, which will be addressed by the assigned Magistrate Judge.

## II. CONCLUSION

IT IS THEREFORE ORDERED that defendant Antigua Maintenance Corporation's motion for summary judgment **(ECF No. 111) is GRANTED** as to plaintiff U.S. Bank's negligence and wrongful foreclosure claims.

IT IS FURTHER ORDERED that plaintiff U.S. Bank's motion for summary judgment **(ECF No. 123) is DENIED**.

IT IS FURTHER ORDERED that defendant/counterclaimant Kenneth Berberich as Trustee for East Cactus 2071 Trust's motion for summary judgment **(ECF No. 124) is GRANTED in part**. The motion is granted as to East Cactus's counterclaim for quiet title against U.S. Bank. The motion is denied as to U.S. Bank's unjust enrichment claim and as to plaintiff Rudy Lopez.

IT IS FURTHER ORDERED that plaintiff Rudy Lopez's motion to amend **(ECF No. 112) is GRANTED**.

DATED this 30th day of July, 2019.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE