UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| U.S. BANK, NATIONAL ASSOCATION,<br><br>    Plaintiff<br><br>v.<br><br>ANTIGUA MAINTENANCE<br>CORPORATION, et al.,<br><br>    Defendants<br><br>AND ALL RELATED AND<br>CONSOLIDATED CLAIMS | Case No.: 2:17-cv-01866-APG-NJK<br><br>**Order (1) Granting in Part Antigua's Motion for Summary Judgment and (2) Denying Lopez's Motion for Summary Judgment**<br><br>[ECF Nos. 173, 174] |

This is a dispute over the effect of a non-judicial foreclosure sale conducted by defendant Antigua Maintenance Corporation (Antigua) after the former owner of the property fell behind on paying homeowners association (HOA) assessments. Plaintiff U.S. Bank filed suit to determine whether its deed of trust still encumbers the property following the HOA foreclosure sale. The Bank sued Antigua; Antigua's foreclosure agent, Nevada Association Services, Inc. (NAS); and Kenneth Berberich as Trustee for East Cactus 2071 Trust (East Cactus), who is the current owner of the property. In a separate action that was consolidated with this one, the former homeowner, Rudy Lopez (Lopez), sued Antigua and East Cactus to quiet title, claiming that Antigua improperly foreclosed on him while he was on active military duty.

Based on prior rulings and a settlement between U.S. Bank and Antigua, the only remaining claims are those in Lopez's second amended complaint and Antigua's crossclaims. Lopez seeks to quiet title in his favor. He also asserts the following claims against Antigua and NAS based on the foreclosure sale being conducted after Antigua allegedly signed declarations falsely attesting that Lopez was not in the military at the time of the HOA foreclosure sale:

(1) breach of Nevada Revised Statutes § 116.1113; (2) negligence; (3) negligence per se; and (4) intentional infliction of emotional distress (IIED). ECF No. 147.  Antigua crossclaims against NAS for breach of contract, equitable indemnity, and contribution. ECF No. 149.

Antigua moves for summary judgment, arguing that at the time of this HOA sale, it had no duty to research Lopez's military status prior to foreclosing and Antigua had no current information that Lopez was on active military duty.  Antigua contends Lopez had no reasonable expectation that it would not foreclose on him while he was in the military, particularly where he consistently failed to pay his HOA assessments over many years.  And it argues that it complied with all statutory requirements then in existence, so the proximate cause of Lopez's injury was his own failure to pay HOA assessments.  Antigua also argues punitive damages cannot be awarded against it as a matter of law for a breach of § 116.1113.  As to the IIED claim, Antigua argues there is no evidence of emotional distress, Antigua's conduct in foreclosing was not extreme and outrageous, there is no evidence Antigua intended to cause emotional distress where it tried to work with Lopez for years on his delinquencies, and Lopez caused his own injuries.

Lopez opposes and moves for summary judgment.  On his quiet title claim, he argues the HOA sale is void because it was procured through fraud based on false declarations attesting that he was not on active duty.  He also argues East Cactus's alleged status as a bona fide purchaser is irrelevant because the sale is void.  As for his negligence and bad faith claims, Lopez argues Antigua had a duty to conduct the foreclosure in good faith and it did not do so because it violated federal and Nevada law by falsely signing declarations of non-military service.  Lopez contends Antigua's actions were extreme and outrageous because it signed the declarations to facilitate the sale and Lopez can attest to his own emotional distress.  Finally, he contends that because Antigua acted with conscious disregard, he can pursue punitive damages.

East Cactus opposes Lopez's motion, but does not separately move for summary judgment. East Cactus argues that Lopez failed to show the sale was affected by fraud, unfairness, or oppression and that East Cactus is a bona fide purchaser, so the sale should not be equitably set aside.

The parties are familiar with the facts so I will not repeat them here except where necessary. I deny Lopez's motion on his quiet title claim because the sale is not void; there is no evidence that fraud, oppression, or unfairness brought about the low sale price; and even if there was, the equities do not weigh in favor of setting aside the sale in light of Lopez's inaction and East Cactus's status as a bona fide purchaser. I deny Lopez's and Antigua's motions on the claim for breach of § 116.1113 because genuine disputes remain about whether Antigua acted in good faith. I deny Lopez's motion and grant Antigua's motion on the negligence and negligence per se claims because Antigua had no duty to investigate Lopez's military status, to report on it one way or the other, or to not foreclose on him while on active duty. Finally, I deny Lopez's motion and grant Antigua's motion on the IIED claim because Lopez presents no evidence of emotional distress.

## I. ANALYSIS

Summary judgment is appropriate if the movant shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record that demonstrate the absence

of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 531 (9th Cir. 2000). I view the evidence and reasonable inferences in the light most favorable to the non-moving party. *James River Ins. Co. v. Hebert Schenk, P.C.*, 523 F.3d 915, 920 (9th Cir. 2008).

**A.  Quiet Title**

To equitably set aside the HOA foreclosure sale, there must be proof of an inadequate price plus "some element of fraud, unfairness, or oppression as accounts for and brings about the inadequacy of price." *Nationstar Mortg., LLC v. Saticoy Bay LLC Series 2227 Shadow Canyon*, 405 P.3d 641, 642-43 (Nev. 2017) (quotation omitted). Where the price inadequacy "is great, a court may grant relief based on slight evidence of fraud, unfairness, or oppression." *Id.* at 643. However, the fraud, unfairness, or oppression must have affected "the sale itself." *Res. Grp., LLC as Tr. of E. Sunset Rd. Tr. v. Nev. Ass'n Servs., Inc.*, 437 P.3d 154, 160 (Nev. 2019) (en banc) (emphasis omitted).

Even where there is an inadequate price brought about by fraud, unfairness, or oppression, I am not required to set aside the sale. Rather, I must weigh all the equities, including Lopez's inaction and the impact the requested relief may have on a bona fide purchaser. *Shadow Wood HOA v. N.Y. Cmty. Bancorp.*, 366 P.3d 1105, 1114-15 (Nev. 2016) (en banc). Lopez bears "the burden to show that the sale should be set aside in light of [East Cactus's] status as the record title holder . . . and the statutory presumptions that the HOA's foreclosure sale complied with [Nevada Revised Statutes] Chapter 116's provisions." *Saticoy Bay LLC Series 2227 Shadow Canyon*, 405 P.3d at 646 (internal citations omitted).

Lopez presents no authority for his assertion that the HOA sale is void based on the allegedly false declarations of non-military service.  At the time of the HOA sale at issue, no federal or Nevada law prohibited Antigua from foreclosing on Lopez while he was on active duty.  I have already ruled that the Servicemembers Civil Relief Act (SCRA) does not cover Lopez's claims. *See* ECF No. 110.  And at the time Antigua foreclosed in 2013, Chapter 116 did not require an HOA to determine anything about a homeowner's military status or preclude foreclosure on a homeowner who is on active duty. *See* Nev. Rev. Stat. § 116.311625 (enacted in 2017 to preclude HOAs from foreclosing if the unit owner is a servicemember on active duty, with some exceptions).  Thus, even if the declarations of non-military service are false, that would at best render the sale voidable through a claim to equitably set aside the sale for fraud, oppression, or unfairness.

Even viewing the evidence in the light most favorable to Lopez, he has not met his burden of showing the sale should be equitably set aside.  Lopez has not presented evidence that the sale price was impacted by the allegedly false declarations of non-military service.  Even if the declarations could constitute fraud or unfairness that impacted the sale, the equities do not weigh in favor of setting the sale aside.  East Cactus is a bona fide purchaser.  It gave valuable consideration, and there is no evidence it knew anything about the declarations of non-military service or had any reason to inquire about that issue. *See Shadow Wood HOA*, 366 P.3d at 1115-16.  In contrast, Lopez knew about his obligations to pay his HOA assessments and failed to keep current for years.

Lopez notes that the notices of sale that were sent to the property and to where he was stationed in North Carolina were marked "return to sender." *See* ECF No. 174-16 at 10-11.  But actual notice is not required.  Moreover, Antigua also sent the notice of sale to Lopez at the

5

California address he identified as the correct address to send his bills, and receipt at that address was acknowledged with a signature. *Id.* at 8; *see also* ECF No. 174-4.  Yet Lopez took no action to satisfy the HOA's lien or otherwise stop the sale.  And Lopez waited over five years after the sale to file suit.  Under these circumstances, equity does not favor setting aside the sale.  I therefore deny this portion of Lopez's motion for summary judgment.

### B.  Section 116.1113

Section 116.1113 provides that "[e]very contract or duty governed by . . . chapter [116] imposes an obligation of good faith in its performance or enforcement."  Lopez argues that Antigua breached its duty of good faith in conducting the HOA sale by providing false declarations of non-military service.  Antigua admits it has a duty of good faith in collecting assessments and enforcing the CC&Rs. ECF No. 173 at 9.  Antigua argues it acted in good faith by waiting years to foreclose on Lopez's delinquent account, but eventually it had to fulfill its obligations to other homeowners by collecting on unpaid assessments.  Antigua contends that its president thought the declaration was to authorize the sale to proceed, not that she was attesting to Lopez's military status.  Antigua also argues Lopez caused his own injuries by failing to pay the assessments and failing to contact Antigua or NAS for over two years prior to the foreclosure.

Viewing the evidence in the light most favorable to Lopez on Antigua's motion, a reasonable jury could find that Antigua did not act in good faith when signing the authorization for NAS to proceed with the foreclosure.  NAS sent the HOA a form to fill out and return, stating that "[b]y signing this document, you instruct [NAS] to proceed" with the sale. ECF No. 174-12.  At the top of the form, it states in bold, all capital letters, "AUTHORIZATION TO PUBLISH NON-JUDICIAL FORECLOSURE SALE." *Id.*  About a third of the way down the page, it also

states in bold, all capital letters, "AUTHORIZATION AND DECLARATION OF NON-MILITARY SERVICE." *Id.* Just below this heading is the following paragraph in all capital letters:

> TO THE BEST OF MY [KNOWLEDGE], THE OWNERS OF THE PROPERTY DESCRIBED IN THE NOTICE OF DEFAULT FILED IN THE MATTER HEREIN ARE NOT IN THE MILITARY SERVICE AS TO BE ENTITLED TO THE BENEFITS OF THE SOLDIERS' AND SAILORS' ACT OF 1940 (50 U.S.C. APPEN. SEC. 501 ET SEQ). I DECLARE UNDER THE PENALTY OF PERJURY UNDER THE LAWS OF THE STATE OF NEVADA THAT THE FOREGOING IS TRUE AND CORRECT.

*See, e.g.*, ECF No. 174-12. At the bottom of the form, just before the signature line, the form states that NAS is "hereby authorized to proceed with the publication of the Notice [of] Foreclosure Sale." *Id.*

In March 2010, Antigua board president Sharon Isaac signed the form but crossed through the language about non-military service, and there was a handwritten notation stating that Lopez "claims he is in military." *Id.* at 3; ECF No. 174-20 at 3. After receiving the March 2010 authorization, NAS indicated that it could not proceed with the sale because it had information that Lopez was on active military duty. ECF No. 73-4 at 205; *see also* ECF No. 73-4 at 100 (NAS earlier expressing its view that it could not foreclose on Lopez while he was active in the military). Isaac later signed the same form in February and December 2012, but she did not cross out the language about military service and she made no notation about Lopez's military status. ECF No. 174-15. Antigua admits it took no action to verify Lopez's military status. ECF No. 174-21 at 6-7. Lopez was on active duty until March 2013. ECF No. 174-19.

A reasonable jury could conclude from these facts that Antigua knew NAS would not foreclose if the language about military status was crossed out or if it had information that Lopez was on active duty, that Antigua took no steps to ensure Lopez was not on active duty, and that

7

Antigua nevertheless signed the authorization so the sale could proceed.  Whether that conduct amounts to bad faith and whether the authorization was the proximate cause of Lopez's injuries are questions for a jury to decide. *See Consol. Generator-Nevada, Inc. v. Cummins Engine Co.*, 971 P.2d 1251, 1256 (Nev. 1998) (stating that good faith is a question of fact for the jury); *Joynt v. Cal. Hotel & Casino*, 835 P.2d 799, 801 (Nev. 1992) (stating that proximate cause is generally a question of fact).  I therefore deny Antigua's motion for summary judgment.  However, I grant Antigua's motion to preclude an award of punitive damages for this claim. *See* Nev. Rev. Stat. § 116.4117(4) (allowing for punitive damages based on clear and convincing evidence of "a willful and material failure to comply with any provision of this chapter"); *id.* § 116.4117(5) (precluding punitive damages against the association).

       Viewing the evidence in the light most favorable to Antigua on Lopez's motion, a reasonable jury could find that Antigua did not act in bad faith.  Isaac understood she was signing the authorization to proceed with the sale, not that she was attesting to Lopez's military status. ECF No. 174-21 at 6.  She thought Lopez "had abandoned the property and [she] did not know the legal ramifications, if any, as to military status." *Id.* at 9.  If a jury credited Isaac's explanations, it could find Antigua did not act in bad faith in signing the authorizations. Additionally, a reasonable jury could conclude that Lopez's own inaction in failing to pay his assessments and failing to communicate with Antigua or NAS for over two years prior to the foreclosure was the proximate cause of his injuries.  I therefore deny Lopez's motion on this claim.

      **C.  Negligence and Negligence Per Se**

       To prevail on a negligence claim, a plaintiff must establish: "(1) the existence of a duty of care, (2) breach of that duty, (3) legal causation, and (4) damages." *Sanchez ex rel. Sanchez v.*

*Wal-Mart Stores, Inc.*, 221 P.3d 1276, 1280 (Nev. 2009).  "A negligence per se claim arises when a duty is created by statute." *Id.*  "A violation of statute establishes the duty and breach elements of negligence only if the injured party belongs to the class of persons that the statute was intended to protect, and the injury is of the type against which the statute was intended to protect." *Ashwood v. Clark Cnty.*, 930 P.2d 740, 744 (Nev. 1997) (emphasis omitted).

                1.  Negligence Per Se

Lopez identifies three statutes to support his negligence per se claim.  First, he points to 50 U.S.C. § 3931, which is part of the SCRA, and which makes it a misdemeanor to knowingly make or use a false affidavit in a civil proceeding stating whether the defendant is in military service.  However, I have already ruled that the SCRA does not cover Lopez's claims. *See* ECF No. 110.  Thus, Lopez's injury is not the type against which the SCRA was intended to protect.

Next, Lopez argues § 116.1113 creates a duty for Antigua to conduct the foreclosure in good faith.  But as discussed above, at the time Antigua foreclosed in 2013, Chapter 116 did not require an HOA to determine anything about a homeowner's military status and did not preclude an HOA from foreclosing on a homeowner on active duty.  Thus, at the time of this sale, Lopez's injury is not the type against which § 116.1113 was intended to protect.

Finally, although Lopez does not specifically argue that Nevada's perjury law forms the basis of his negligence per se claim, he notes that the declarations state they are signed under penalty of perjury under Nevada law. *See, e.g.*, ECF No. 174-15.  Nevada's perjury statutes are not specifically aimed at protecting servicemembers from being foreclosed on while on active duty, nor is Lopez's injury the type against which anti-perjury statutes were intended to protect.  I therefore deny Lopez's motion and grant Antigua's motion on Lopez's negligence per se claim.

////

2. Negligence

Lopez asserts that Antigua had a duty to act with reasonable care in authorizing NAS to conduct the sale and it breached that duty by falsely declaring that Lopez was not on active duty or failing to conduct due diligence on Lopez's military status.  But, as discussed above, the SCRA does not create a duty not to foreclose on a servicemember under the circumstances presented here and Nevada law contained no such requirement either.  Thus, Antigua had no duty to investigate Lopez's military status or to make any representation about it one way or the other.  I therefore deny Lopez's motion and grant Antigua's motion on Lopez's negligence claim.

**D. IIED**

To establish an IIED claim, Lopez must show: "(1) extreme and outrageous conduct with either the intention of, or reckless disregard for, causing emotional distress, (2) [Lopez] having suffered severe or extreme emotional distress and (3) actual or proximate causation." *Olivero v. Lowe*, 995 P.2d 1023, 1025 (Nev. 2000).  "[M]edical evidence is one acceptable manner" to establish severe emotional distress, but it is not necessarily required. *Franchise Tax Bd. of Cal. v. Hyatt*, 335 P.3d 125, 148 (Nev. 2014), *vacated and remanded sub nom. Franchise Tax Bd. of California v. Hyatt*, 136 S. Ct. 1277, 194 L. Ed. 2d 431 (2016).  "[O]ther objectively verifiable evidence may suffice to establish a claim when the defendant's conduct is more extreme, and thus, requires less evidence of the physical injury suffered." *Id.*

Lopez presents no evidence of extreme emotional distress.  He points only to a 2007 letter he sent to Antigua's board describing his shock and frustration at being charged for late fees while deployed and stating that the situation has been "haunting" him. ECF No. 174-6.  This letter does not raise an issue of fact that Lopez suffered extreme emotional distress.  Nor is it

based on the allegedly false declarations or the foreclosure because it pre-dates both the foreclosure and Lopez's later discovery of the declarations.  Rather, Lopez was describing problems associated with getting HOA assessment bills sent to his mother's house in California and having late fees and interest charged because neither he nor his mother paid the assessments. I therefore deny Lopez's motion and grant Antigua's motion on the IIED claim.

## II. CONCLUSION

I THEREFORE ORDER that defendant Antigua Maintenance Corporation's motion for summary judgment **(ECF No. 173) is GRANTED in part**.  The motion is granted as to all of plaintiff Rudy Lopez's claims except for breach of Nevada Revised Statutes § 116.1113. Antigua Maintenance Corporation's crossclaims against Nevada Association Services, Inc. remain pending.

I FURTHER ORDER that plaintiff Rudy Lopez's motion for summary judgment **(ECF No. 174) is DENIED**.[1]

DATED this 31st  day of August, 2020.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

---

[1] Lopez's claims against NAS remain pending.  NAS defaulted in this action and did not respond to Lopez's summary judgment motion.  However, Lopez's motion for summary judgment is directed at Antigua and does not address what duties NAS owed, how it breached those duties, how it acted in bad faith, or how it engaged in extreme or outrageous conduct.